UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES JACKSON, | ) | Case No. 1:21-cv-001679 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Charles Jackson sued Defendants, the City of Cleveland, several police officers, a prosecutor, and Cuyahoga County, alleging that they violated his rights under the Fourth and Fourteenth Amendments by prosecuting and imprisoning him for a murder he did not commit. On October 3, 2022, the City of Cleveland moved to bifurcate and stay discovery and briefing on Plaintiff's *Monell* claim. (ECF No. 52.) Plaintiff opposes the motion (ECF No. 54), and the City replied (ECF No. 55). For the reasons that follow, the Court **DENIES** Defendant's motion.

### BIFURCATION

The City of Cleveland requests that the Court bifurcate and stay "briefing and discovery" on Plaintiff's *Monell* claim. (ECF No. 52, PageID #547.) As a threshold matter, the Court emphasizes that it is *not* making any decision now whether to bifurcate trial. Doing so is premature and involves Seventh Amendment considerations the parties have not briefed. Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a

separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Therefore, in considering whether to bifurcate trial, courts need to avoid running afoul of the Seventh Amendment's guarantee of the right to a trial by jury, as Rule 42(b) notes.

Because the City directs its motion to *Monell* discovery, not to trial, the Court does not interpret the City's motion as a motion to bifurcate trial under Rule 42, but as a discovery motion. The Court has broad discretion to stay discovery and inherent authority to manage its docket. *See Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)); Fed. R. Civ. P. 26(b). And the Court has wide discretion in the management of civil cases consistent "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## DISCUSSION

The City argues that bifurcating discovery by proceeding first with a determination whether Mr. Jackson suffered a violation of his constitutional rights is appropriate because discovery on Plaintiff's *Monell* claim potentially extends to some thirty years of police policies, customs, and practices, imposing a great burden on the City. (ECF No. 52, PageID #550 & #552.) Also, the City argues that because a constitutional violation is a predicate to Plaintiff's *Monell* claim, discovery on that

claim should be deferred until after the Court rules on the merits of Plaintiff's substantive claims of a constitutional violation. (*Id.*, PageID #552–53.) In support of its motion, the City points to a previous case where the Court stayed discovery on a *Monell* claim pending resolution of the underlying constitutional claims, *Mayer v. Cuyahoga County*, No. 1:19-cv-2620, 2021 WL 164216, at *2 (N.D. Ohio Jan. 19, 2021). (ECF No. 52, PageID #550.) However, the facts and circumstances of each case differ, and whether bifurcation is appropriate depends on those facts and circumstances. *See Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). Therefore, the Court will not reflexively rely on the case management approach employed in *Mayer*, which were based on the particular circumstances of that case, but proceed to consider the issue on the record here.

In response, Plaintiff argues that delaying discovery will prejudice him because of the risk that evidence will be lost and additional witnesses will pass away (some already have). (ECF No. 54, PageID #573.) As Plaintiff points out, the events underlying his claims reach back some thirty years (*id.*), and he argues that his *Monell* claim against the City is intertwined with his constitutional claims against the individual officers, such that bifurcating discovery will require duplicative work and needlessly prolong these proceedings. (*Id.*, PageID #572.)

On the record before the Court, the motion presents a close call. The City represents that *Monell* discovery will impose a high burden—for example, it estimates that there are tens of thousands of pages of documents responsive to Plaintiff's *Monell* discovery requests. (ECF No. 55, PageID #578–79.) However, the

3

burdens the City identifies do not differ materially from those in any civil case that involves events from decades ago or facts that extend over a long period of time. And, as Plaintiff notes, bifurcating discovery will provide marginal, if any, benefits or efficiencies. The City's approach might necessitate additional, duplicative discovery, including second depositions of various witnesses and associated preparation time. Indeed, many of the same officers Plaintiff will depose to try to prove his constitutional claims will also have knowledge of police customs and practices when Mr. Jackson was arrested and prosecuted. Accordingly, it appears that the merits of Plaintiff's constitutional claims are bound up with his *Monell* claim.

In the Court's experience, the sort of staggered proceedings that would inevitably result from the City's motion very often multiply the costs and burdens to all parties. In fact, stopping and starting litigation usually imposes exponentially higher costs for all parties because of the need to get back up to speed (typically performing the same work multiple times) and due to commitments in other matters. Of course, that assumes that Plaintiff can prove a constitutional violation. If not, then the City's view would carry the day. At this stage of the proceedings, however, the record before the Court simply does not permit a preliminary determination with any confidence that *Monell* discovery can be avoided.

Further, delaying *Monell* discovery presents a serious risk that evidence will be lost and that witnesses might become incapacitated or unavailable as time passes. That evidence cannot be recovered, but there are tools available in discovery to

manage the burden *Monell* discovery imposes on the City, and the Court is available to assist the parties in navigating that process.

On balance, the potential prejudice to Plaintiff and the speculative efficiencies from deferring *Monell* discovery exceed the marginal burden on the City of completing all discovery now, which does not appear to differ materially from the normal burdens civil litigation imposes on parties. For these reasons, the Court **DENIES** the City's motion.

**SO ORDERED.**

Dated: November 21, 2022

                      J. Philip Calabrese
                      United States District Judge
                      Northern District of Ohio