UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES JACKSON, ) | Case No. 1:21-cv-1679 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| CITY OF CLEVELAND, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

After the close of discovery, Defendants moved for sanctions based on Plaintiff's failure to produce certain materials in discovery, prompting a motion for sanctions that the Court denied for failure to comply with the procedural prerequisites for bringing such a motion. At the Court's direction, the parties conferred on the matter and agree on a partial remedy. This Order addresses the remaining disputes between the parties, outlined in their joint submission dated May 21, 2024 (ECF No. 169). For the reasons that follow, the Court accepts the remedies that the parties propose, **GRANTS** the joint motion to treat arguments at the hearing as if raised in the parties' cross motions for summary judgment, and **DENIES** the additional relief Defendants request.

### RELEVANT FACTUAL BACKGROUND

In 1991, Charles Jackson was convicted of murder for a shooting that occurred at a Cleveland apartment complex. (ECF No. 1, ¶ 56, PageID #10.) At trial, Ronald Lacey testified as the second victim and sole eyewitness of the shooting. He identified

Charles Jackson as the perpetrator. (*Id.*, ¶ 38, PageID #7–8.) Assistant prosecutors Winston Grays and Thomas Rein prosecuted Mr. Jackson. (*Id.*, ¶ 32, PageID #7.) Mr. Jackson maintained his innocence throughout. In 2018, Mr. Jackson's conviction was vacated. (*Id.*, ¶ 2, PageID #2.) Following Mr. Jackson's release, the Cuyahoga County prosecutor's office investigated whether certain witnesses lied and the prosecution had withheld certain exculpatory evidence. (ECF No. 163-1, PageID #24653.) In that process, Cuyahoga County prosecutors Christopher Schroeder and Blaise Thomas interviewed Mr. Lacey. Schroeder also interviewed Rein. (*Id.*, PageID #24653–55.) In 2022, Rein passed away. Grays died in 2004.

## RELEVANT PROCEDURAL HISTORY

Mr. Jackson filed this lawsuit in 2021. (ECF No. 1.) After extensions (ECF No. 27; Minutes, Sept. 12, 2022; ECF No. 62; ECF No. 76; ECF No. 83), the parties filed cross-motions for summary judgment (ECF No. 140; ECF No. 161). In Plaintiff's cross-motion, filed on April 15, 2024, he included a reference in a footnote to a 2018 interview between the sole eyewitness in Mr. Jackson's initial criminal case, Ronald Lacey, and prosecutors Schroeder and Thomas. (ECF No. 161, PageID #24588 n.8.) Plaintiff's motion attached the interview as an exhibit. (ECF No. 153, "Jackson_ Audio File_000002 Ronald Lacey Interview".) After reviewing the brief and noting the interview, which Plaintiff did not produce in discovery, Defendants inquired and learned that Plaintiff also possessed an interview with Rein, an assistant prosecutor who sat second chair during the initial trial of Mr. Jackson in 1991. (ECF No. 163-9,

2

"Jackson_Audio File_000001 Att. Tom Rein interview, Nov. 20".) This interview was also not produced in discovery.

For clarity, a separate interview with Ronald Lacey exists in the record under the same docket number and was conducted by Sahir Hasan of the Cuyahoga County Conviction Integrity Unit. (ECF No. 153, "8.27.19 call with Ron Lacey".) Plaintiff provided this interview to Defendants during discovery, and it is not the subject of any dispute relevant to the matters at hand. (ECF No. 163-1, PageID #24656–57.)

Defendants assert that both disputed interviews—the one at issue with Lacey and the one with Rein—were responsive to Defendants' discovery requests (ECF No. 163-1, PageID #24651; ECF No. 163-3), and Plaintiff does not dispute this position. After learning of these failures to disclose, Defendants filed a motion for sanctions against Plaintiff but, in doing so, failed to comply with Rule 37, Local Rule 37.1, and the Court's Civil Standing Order. (ECF No. 163.)

In response to the motion, the Court held a hearing (ECF No. 164) at which the parties expressed concerns arising from the discovery failure and the motion. The Court denied Defendants' motion for sanctions without prejudice because Defendants failed to comply with procedural prerequisites for bringing the motion. (ECF No. 166.) Instead, the Court ordered counsel to confer to try to resolve the dispute, as they should have before raising the issue with the Court in the first instance. Those discussions resulted in the submission of a joint status report on May 21, 2024, which proposed certain remedies and identified remaining areas of disagreement. (ECF No. 169.)

3

In their joint status report, the parties agreed and stipulated to the following remedies:

1. Plaintiff will withdraw the 2018 Lacey interview as an exhibit in support of Plaintiff's cross-motion for partial summary judgment and opposition to Defendants' motion for summary judgment (ECF No. 161);

2. Either party may use the 2018 Lacey interview in any other motion and at trial;

3. The parties stipulate that prosecutor Thomas Rein died on May 6, 2022; and

4. They also stipulate that the 2018 interview with Thomas Rein (ECF No. 163-9) is authenticated for the purpose of all motion practice and trial.

Two areas remain in dispute. First, Defendants represent that they will not use the Lacey interview at issue for any purpose during dispositive motions, but Plaintiff refuses to stipulate that no party will use it. (ECF No. 169, PageID #26036.) Second, Defendants seek to admit the Rein interview at trial. Because Plaintiff will not so stipulate, Defendants seek to reopen discovery limited to Rein's practices to bolster the trustworthiness of his statements. (*Id.*, PageID #26037.) Plaintiff opposes both requests.

## ANALYSIS

"[I]f the party learns that in some material respect the disclosure or response is incomplete or incorrect," Rule 26(e) requires supplementation of discovery responses in a timely manner. Fed. R. Civ. P. 26(e)(1)(A). It also requires supplementation where additional responsive or corrective information "has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* Where a party fails to make or supplement a disclosure under Rule 26(a) or (e), Rule 37(c)(1) provides a self-executing exclusionary rule as a sanction. However, if that failure is substantially justified (meaning it has a reasonable explanation) or harmless, then that automatic sanction of exclusion does not apply. *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010). Also, the Rule authorizes a court to award other appropriate sanctions in addition to or instead of exclusion. Fed. R. Civ. P. 37(c)(1).

"Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides a district court with the option to order alternative sanctions "instead of" exclusion of the late or undisclosed evidence "on motion and after giving an opportunity to be heard." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015); *see also Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 783–84 (6th Cir. 2003). For example, a court may inform the jury of the party's failure; take certain facts be taken as true; or impose other appropriate sanctions, including prohibiting a party from supporting certain claims or defenses or from introducing certain evidence, striking pleadings, and entering a

5

default judgment. Fed. R. Civ. P. 37(c)(1)(B) & (C) (cross-referencing Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi)). These sanctions "assure both future compliance with the discovery rules and to punish past discovery failures . . . ." *Bell v. Automobile Club of Mich.*, 80 F.R.D. 228, 229 (E.D. Mich. 1978).

## I. Motion to Treat Arguments as Raised

In addition to their agreements and stipulations already discussed, the parties move the Court to treat the arguments at the hearing on April 30, 2024 as if raised in the parties' respective summary judgment motions and briefs. (ECF No. 169, PageID #26036.) With the understanding that this request allows the parties to make arguments in the remaining summary judgment briefing (*id.*), the Court **GRANTS** this motion. Therefore, the Court will not treat any such argument as raised improperly raised for the first time in reply, subject to the discussion below.

## II. Disputed Additional Remedies

Defendants seek additional remedies (*id.*, PageID #26036–37), which Plaintiff asserts are unnecessary because the parties' stipulations suffice to cure any harm that may have been caused by the failure to disclose both interviews (*id.*, PageID #26037.)

### II.A. Ronald Lacey Interview

First, Defendants seek to exclude the 2018 Ronald Lacey interview from dispositive motion practice. (*Id.*, PageID #26036.) Plaintiff prefers to reserve his right to use the interview in rebuttal for his remaining summary judgment brief. (*Id.*, PageID #26036 & #26038.) Again, the parties agree that Plaintiff withdraws the reference to the interview in his cross-motion and that the Lacey interview will be

6

available for use at trial. This resolution leaves only a marginal dispute whether Plaintiff can use the interview in his reply brief.

As a general proposition, the Court determines that the agreed remedies suffice to cure any harm from the failure to disclose the Lacey interview in discovery. At the hearing, Plaintiff represented that his failure to disclose the interview was inadvertent and that counsel took steps to rectify that failure. Further, the interview appears largely to corroborate other evidence. Plaintiff's use of the interview is peripheral, referencing information unique to the interview only once, in a footnote. (ECF No. 161, PageID #24573 n.8.) Moreover, Defendants knew of the interview during discovery. Cuyahoga County notified Defendants that the interview existed in early 2023. (ECF No. 163-1, PageID #24655–56.) Defendants did not pursue it further with the County.

For all these reasons, the Court finds that Plaintiff's agreement to withdraw any mention of the Lacey Interview in his cross-motion for summary judgment and Defendant's ability to use it or respond to it from this point forward are sufficient to remedy the discovery failure. Defendants represent that they have no intention to use the interview in the remaining summary judgment briefing. (ECF No. 169, PageID #26036.) If they do not, then the matter is concluded. Plaintiff cannot use the interview for the first time in reply. However, if Defendants use the interview, Plaintiff may respond in kind. If Defendants use the interview, they may not preclude Plaintiff from doing so, and Plaintiff may not use the interview if Defendants do not.

**II.B. Thomas Rein Interview**

Next, Defendants seek to reopen discovery for approximately one month to "supplement and/or conduct limited discovery solely on Rein's practice of reviewing police records, the actions he took in prosecuting Plaintiff, and other corroborating evidence that goes to the truthfulness of Rein's statements." (*Id.*, PageID #26037.) Defendants propose seeking to admit the interview with Mr. Rein at trial under Rule 807. (*Id.*) Plaintiff opposes reopening discovery, citing undue delay. (*Id.*, PageID #26038.) Also, Plaintiff asserts that additional discovery would result in a "discovery boon" rather than curing any harm to Defendants from the failure to disclose. (*Id.*)

As with the Lacey interview, Defendants had knowledge of the existence of the Rein interview while discovery was still open but failed to undertake appropriate diligence to access it or discover it. (ECF No. 163-1, PageID #24655–56.) At the time, Rein was still alive—he did not pass away until May 2022. Defendants had the opportunity to speak with and depose Rein in this litigation and to develop an evidentiary foundation for his practices during discovery.

Because information about Rein's practices was available during discovery through the exercise of ordinary and reasonable diligence and does not appear to have any bearing on the potential admissibility of the statement under Rule 807 (a determination the Court need not and does not make now), the prejudice from reopening discovery at this late date, even for a limited time or purpose, exceeds any benefit. Further, the record contains no evidence of willfulness on the part of Plaintiff. For all these reasons, the Court **DENIES** Defendants' request to reopen discovery.

8

### III. Briefing Schedule

Previously, the Court paused the briefing schedule to deal with Defendants' motion and the related issues. With those matters concluded, the Court **MODIFIES** the current briefing scheduling for summary judgment (ECF No. 199) and **ORDERS** the completion of briefing on the following schedule: Defendants' combined reply and opposition (24,000 words) due by July 10, 2024; Plaintiff's reply (14,000 words) due by August 2, 2024.

## CONCLUSION

For the foregoing reasons, the Court **APPROVES** the parties' agreements and stipulations to remedy any harm from the inadvertent failures to disclose the 2018 Lacey interview and the 2018 Rein interview, **GRANTS** the joint motion to treat arguments at the hearing as if raised in the parties' cross-motions for summary judgment, and **DENIES** Defendants' request to reopen discovery.

**SO ORDERED.**

Dated: June 7, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio